UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

WAYNE ADAM RICKERT,          :

      Plaintiff              :     CIVIL ACTION NO. 3:20-300

v.                           :     (JUDGE MANNION)

FERDERICK M. MAURIN,          :

      Defendant              :

FILED
SCRANTON
NOV 18 2020
PER _____
DEPUTY CLERK

## MEMORANDUM

Presently before the court is the October 29, 2020 Report and Recommendation ("Report") of Magistrate Judge Joseph F. Saporito, (Doc. 5), which recommends that the complaint of *pro se* plaintiff Wayne Adam Rickert be dismissed without prejudice under Fed.R.Civ.P. 4(m) for failure to timely serve the defendant, Frederick M. Maurin,[1] with his complaint and the summons. The Report finds that despite the court's October 1, 2020 show cause order, (Doc. 4), directing plaintiff to show good cause by October 16, 2020 why he failed to perfect service on the defendant in a timely manner as provided by Rule 4(m) and warning plaintiff that absent his showing it would

---

[1] Maurin is a Regional Social Security Commissioner and plaintiff appears to challenge the denial of back pay after his September 4, 2018 application for supplemental security income benefits was granted by Binghamton SSA.

be recommended his case be dismissed without prejudice, plaintiff failed to serve defendant or show good cause. Thus, to date, the defendant has not been served with plaintiff's February 20, 2020 complaint. No objections have been filed to the Report, and the time within which objections were due has expired. For the following reasons, the Report, (Doc. 5), will be **ADOPTED** and, plaintiff's complaint, (Doc. 1), will be **DISMISSED WITHOUT PREJUDICE**.[2]

## I.   STANDARD OF REVIEW

Where no objections are made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every Report and Recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept

---

[2]Since Judge Saporito stated the brief procedural history of this case in his Report, and since the plaintiff did not object to it, the court will not repeat it herein.

or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); M.D.Pa. Local Rule 72.3.

## II. DISCUSSION

Judge Saporito analyzes the standard under Rule 4(m) and its requirement that service of process must be made within 90 days of the filing of the complaint. He also discusses the requirement under Rule 4(m) that "[a] district court must extend the time for service, ..., where a plaintiff demonstrates good cause for the failure to timely serve the defendant." Meade v. Reynolds, 810 Fed.Appx. 86, 88 (3d Cir. 2020).

Here, since plaintiff paid the filing fee and was not proceeding IFP under 28 U.S.C. §1915, he was required to effect service on the defendant within 90 days after he filed his complaint. He failed to do so. He then failed to show good cause why he did not timely serve the defendant after being afforded an opportunity to do so.

Further, "[e]ven if a plaintiff fails to show good cause, the district court must still consider whether any additional factors warrant a discretionary extension of time." *Id.* (citation omitted). In this case, there are no additional factors which warrant a discretionary extension of time, particularly since

plaintiff has taken no action in his case for nine months since he filed his complaint.

The court has reviewed the reasons presented by Judge Saporito for recommending that the plaintiff's complaint be dismissed without prejudice, and because the court agrees with the sound reasoning that led the Judge to the conclusions in his Report and finds no clear error on the face of the record, the court will adopt the Report in its entirety.

## III.  CONCLUSION

In light of the foregoing, Judge Saporito's Report, **(Doc. 5)**, will be **ADOPTED IN ITS ENTIRETY**, and plaintiff's complaint, **(Doc. 1)**, will be **DISMISSED WITHOUT PREJUDICE**. An appropriate order shall follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

DATE: November 18, 2020
20-300-01